JUDSON L. THOMSON MANUF'G CO. *v.* HATHEWAY *et al.* ·

(*Circuit Court, D. Connecticut.* March 3, 1890.)

1. PATENTS FOT INVENTIONS—INFRINGEMENT—ARCTIC BUCKLES.
    Letters patent No. 326,357, issued to Jacob J. Unbehend, September 15, 1885, for an improvement in an arctic buckle, having a tongue hinged between the leaves of a double, flexible plate by a cam-shaped hinge-pin entering between the plates, and having its bearings in transverse recesses, closed in front, which consists in the addition of guards across the side edges of the flexible portion of these plates to retain the hinge-pin in its proper bearings, and also to prevent lateral displacement

of the plates, are not so clearly infringed by a buckle having the top and bottom plate formed in one piece, folded back upon itself, with a pintle between the folds, and a depressed socket in one plate for receiving the pintle, the top plate being pinched downward, so as to make the socket smaller, and prevent the pin from sliding about, as to require the granting of a preliminary injunction.

2. SAME—PATENTABILITY.

The tongue of the buckle described in leters patent No. 305,410, issued to Jacob J. Unbehend, September 16, 1884, being pivoted in sockets extending across the plates, the improvement in letters patent No. 336,769, issued to the same patentee, February 23, 1886, which consists in having the recesses receiving the tongue extend only part of the way across the plates, is of such doubtful patentability that a preliminary injunction will not be granted.

3. SAME.

The slotted plate of an arctic buckle having formerly had longitudinal concavo-convex ribs struck up from the plane of the plate along the side-bars, the improvement described in the Unbehend letters patent No. 326,355, dated September 15, 1885, consisting in striking upward from the under side of the plate longitudinal side flanges, and rounding up the same from the under side, is of such doubtful patentability that a preliminary injunction will not be granted.

In Equity. On motion for preliminary injunction.

*George W. Hey*, for plaintiff.

*Frederick P. Fish*, for defendants.

SHIPMAN, J. This is a motion for a preliminary injunction to restrain the defendants from the alleged infringement of three letters patent to Jacob J. Unbehend, viz., Nos. 326,355 and 326,357, each dated September 15, 1885, and No. 336,769, dated February 23, 1886; two patents being for improvements in the spring clasp, and the third for an improvement in the clasp plate of an arctic buckle.

The character of the invention which is described in No. 326,357, and the construction which was placed by this court upon the claims which are alleged to be infringed, were given in *Thomson* v. *Manufacturing Co.*, 32 Fed. Rep. 791, and 38 Fed. Rep. 602. Quoting from the opinion in the last-named volume of the Reporter:

"The invention was an improvement upon Unbehend's patent No. 305,410, dated September 16, 1884, which was for a buckle having a tongue hinged between the leaves of a double, flexible plate by a cam-shaped hinge-pin entering between the plates, and having its bearings in transverse recesses, closed in front. The same patentee had also another patent, No. 336,769, dated February 23, 1886, but which was applied for May 26, 1885, before the application for the patent in suit, which was also for a buckle having a hinge-pin which had its bearings in similar recesses between two superimposed plates. The improvement described in the first three claims of patent No. 326,357 consisted in the addition of guards across the side edges of the flexible portion of these plates to retain the hinge-pin in its proper bearings in the plates, and also to prevent lateral displacement of the plates in relation to each other."

The cam-shaped pin enters between the plates, and pries them apart when it swings the tongue towards its open position, whereby spring action is imparted to the clasp. The top and bottom plate of the defendants' buckle are formed in one piece, folded back upon itself, with the tongue pintle located between the folds, which are rigidly connected to each other. A depressed socket is formed in one of the plates for the reception of the pintle, and the substance of the top plate is squeezed or

pinched downward, so as to make the socket smaller, and prevent the pintle from sliding about therein. The plaintiff considers that these downwardly extending parts from the top plate are guards to hold the tongue against accidental removal from the socket. The defendants insist that their clasp is not one wherein two plates are pried apart by means of a cam-shaped pintle, but that it belongs to a different class, in which two plates are rigidly fastened together, and the pintle is not cam-shaped, but is simply a pivot; that the spring action is obtained by a spring plate fastened within the folds of the base plate, which co-operates with a cam projection from the middle portion of the tongue, and consequently that the clasp neither has nor needs "guards," in the sense in which that term is used in the Unbehend patent. The plates being always together, so that the pintle is, as has been said, a pivot whereon the tongue turns, the defendant says that "the depressions in the upper fold simply form a close-fitting bearing or socket for the pintle." In stating the position of the defendants, I have made use, in a somewhat compact form, of the language of the brief of their counsel. There is so much weight in these suggestions, or in some of them, and consequently so much well-founded doubt in regard to the fact of infringement, that a preliminary injunction ought not to be granted.

The second and third claims of No. 336,769 are said to be infringed. This patent is also an improvement upon No. 305,410. The arms of the double plates are provided on their adjacent sides with recesses or depressions which, the patentee says in his specification, "extend only part way across the extensions, so as to allow the outer side edges of the plates to lie contiguous, one upon the other. This I have found necessary in order to prevent the japan from entering the joint between the plates during the process of japanning the clasp, which is one of the difficulties encountered in the manufacture of other clasps of this class." The tongue of the clasp of No. 305,410 was pivoted in sockets extending across the arms of the plates. The second and third claims show that the fact that the recesses which receive the tongue extend only part way across the arms of the two plates is the improvement which is the subject-matter of those claims. I have serious doubt whether a clasp with sockets extending part way across the arms is a patentable improvement upon a clasp which has sockets extending the whole way across the arms.

The slotted plate of an arctic buckle formerly had "longitudinal concavo-convex ribs, struck up from the plane of the plate along the side bars," to strengthen the plate. The downwardly projecting edges of the ribs hurt the foot of the wearer. The improvement in No. 326,355 consisted in striking upward, from the under side of the plate, longitudinal side flanges, and rounding up the same from the under side. Instead of striking up ribs upon the plate, the edge of the plate was turned up, and the edges of the flanges were rounded. The patentability of this alteration or improvement does not seem to me to be sufficiently clear to justify a preliminary injunction. The validity of the two last-named patents has never been sustained by a decree. The motion is denied.